MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
KARINA WEGMAN-SCHAAFF (DCBN 1618649)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: 213-894-3990
Parekh.nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JULIE A. SU,
Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

L & Y FOOD, INC. a California corporation; MOON POULTRY, INC., a California corporation; JRC CULINARY GROUP, INC., a California corporation; FU QIAN CHEN LU, an individual; BRUCE SHU HUA LOK, an individual; and RYAN ZHONG LU, an individual,

Defendants.

Case No. 2:24-cv-02606

**COMPLAINT FOR INJUNCTION OF SHIPMENT OF HOT GOODS AND EMPLOYMENT OF OPPRESSIVE CHILD LABOR UNDER THE FAIR LABOR STANDARDS ACT**

Date: n/a
Time: n/a
Judge:

## INTRODUCTION

On March 20, 2024, investigators with the Wage and Hour Division, U.S. Department of Labor ("WHD"), discovered oppressive child labor at Defendants' poultry processing facility at 15861 Salvatierra St., Irwindale, CA 91706-6604, namely children deboning poultry, during a March 20, 2024 civil search warrant. The children had been working at the facility for months and Defendants continually removed goods from the facility the entire time, including after the search warrant, and over WHD's objection. The goods processed in this facility up to April 19, 2024 are tainted by child labor and are now "hot goods" under the FLSA. The goods removed from the facility are permanently hot and cannot enter commerce.

The Acting Secretary brings this urgent action to enjoin further oppressive child labor and to enjoin Defendants from shipping or delivering for shipment into commerce goods produced in an establishment in or about which there has been oppressive child labor within 30 days prior to the removal of such goods. The Acting Secretary seeks urgent remedies including an injunction preventing the goods from entering commerce, or further traveling the channels of commerce, and disgorgement of the profits Defendants have illegally obtained by shipping hot goods made by oppressive child labor, where children under the age of eighteen are employed using sharp knives to debone raw poultry.

Defendant Fu Qian Chen Lu ("Defendant Chen Lu") owns, operates, or manages all three Corporate Defendants and is the registered agent for Defendant L & Y Food, Inc. ("Corporate Defendant L & Y"). Defendant Bruce Shu Hua Lok ("Defendant Bruce Lok") owns, operates, or manages, and is the registered agent for Defendant Moon Poultry, Inc. ("Corporate Defendant Moon Poultry"). Defendant Chen Lu's son Defendant Ryan Zhong Lu ("Defendant Ryan Lu") owns and is the registered agent for Defendant JRC Culinary Group, Inc. ("Corporate Defendant JRC"). Defendants employ workers, including children under the age

of 18, to engage in the hazardous occupations of deboning poultry in meat coolers.

The Acting Secretary brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## NATURE OF THE ACTION

1. The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*., to enjoin Defendants from violating the provisions of Sections 11(a), 12, and 15(a)(4) of the FLSA, 29 U.S.C. §§ 211(a), 212, 215(a)(4).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action under Sections 211, 212, and 215 of the FLSA, 29 U.S.C. §§ 211, 212, 215. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C§ 1345 (United States as plaintiff).

3. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

## DEFENDANTS ARE EMPLOYERS, PRODUCERS, DEALERS OR SHIPPERS OF GOODS UNDER THE FLSA

### Defendant Chen Lu

4. Defendant Chen Lu, an individual, resides in Los Angeles County, California, within the jurisdiction of this Court. At all relevant times, he has been the principal individual responsible for controlling, managing, and/or financing all the Corporate Defendants, which include Corporate Defendants L & Y, JRC, and Moon Poultry.

5. At all times relevant, Defendant Chen Lu acted directly and indirectly in the interests of Corporate Defendants Moon Poultry, L&Y and JRC in relation

to their employees, including determining employment practices and setting employee pay.

6. Defendant Chen Lu is a producer, dealer, and shipper of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Defendant Bruce Lok**

7. Defendant Bruce Lok, an individual, resides in Los Angeles County, California, within the jurisdiction of this Court. At all relevant times, he has been the owner and registered agent for Corporate Defendant Moon Poultry.

8. At all times relevant, Defendant Lok acted directly and indirectly in the interests of Defendant Moon Poultry in relation to their employees, including determining employment practices.

9. Defendant Lok is a producer, dealer, and shipper of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Defendant Ryan Lu**

10. Defendant Ryan Lu, an individual, resides in Los Angeles County, California, within the jurisdiction of this Court. At all relevant times, he has been the owner and registered agent for Corporate Defendant JRC.

11. At all times relevant, Defendant Ryan Lu acted directly and indirectly in the interests of Defendant JRC in relation to their employees, including determining employment practices.

12. Defendant Ryan Lu is a producer, dealer, and shipper of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Corporate Defendant L&Y**

13. Corporate Defendant L & Y is a California corporation with a registered business address at 4501 Arden Drive, El Monte, CA 91731. Corporate Defendant L & Y operates at two business locations, 598 Monterey Pass Road, Monterey Park, CA 91754, and 608 Monterey Pass Road, Monterey Park, CA 91754, where Corporate Defendant L & Y operates two poultry processing plants.

14. At all relevant times, Corporate Defendant L & Y has been an business engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) L & Y had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) L & Y had an annual gross volume sales made or business done of not less than $500,000.

15. Defendant L & Y is a dealer of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Corporate Defendant Moon Poultry**

16. Corporate Defendant Moon Poultry is a California corporation with a registered business address and place of business at 15861 Salvatierra St., Irwindale, CA 91706.

17. At all relevant times, Corporate Defendant Moon Poultry employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Moon Poultry had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Moon Poultry had an annual gross volume sales made or business done of not less than $500,000.

18. Defendant Moon Poultry is a producer and dealer of goods, including those produced at its facility at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Corporate Defendant JRC**

19. Corporate Defendant JRC is a California corporation with a registered business address at 566 Monterey Pass Rd., Monterey Park, CA 91754, and place of business at 15861 Salvatierra St., Irwindale, CA 91706.

20. At all relevant times, Corporate Defendant JRC employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) JRC had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, JRC had an annual gross volume sales made or business done of not less than $500,000.

21. Corporate Defendant JRC is a dealer of goods, including those produced by oppressive child labor at 15861 Salvatierra St., Irwindale, CA 91706-6604.

## ALLEGATIONS COMMON TO ALL CLAIMS

22. At all relevant times, Defendants Bruce Lok and Ryan Lu and Corporate Defendants Moon Poultry and JRC employed workers that used constantly sharpened knives to cut and debone poultry, including minor employees under the age of eighteen.

23. Defendants Chen Lu directs Corporate Defendants Moon Poultry and JRC's business operations. He owns all Moon Poultry and JRC's poultry and other goods and removes them to his other businesses, including L & Y and A1, which ship or deliver for shipment goods in interstate commerce. Defendant Chen Lu stores Moon Poultry and JRC's goods at L & Y's establishments in Monterey Park, CA, including goods tainted by oppressive child labor.

24. Defendants, collectively, are liable for civil monetary penalties and disgorgement of profits earned from the shipment or delivery of goods into commerce that were produced at an establishment that employed minors to debone and process poultry, which constituted oppressive child labor in violation of the FLSA.

25. Defendants Chen Lu, Ryan Lu, Bruce Lok, Moon Poultry, and JRC, collectively, have employed minor employees to debone and process poultry, which constitutes oppressive child labor. These Defendants' employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

26. Defendants, collectively, have removed goods from an establishment where they employed oppressive child labor within 30 days of such employment (hereinafter, "hot goods"), delivered them to a facility where goods are shipped into commerce, and have refused to confirm that they have not shipped such hot goods into commerce.

27. Defendants' shipment or delivery for shipment of hot goods into commerce would result in Defendants being unjustly enriched, accruing substantial ill-gotten gains reaped from violations of the FLSA's child labor provisions.

28. Defendants have interfered with the Secretary's ability to investigate and gather data regarding conditions and practices of employment in the poultry industry, and to investigate such facts, conditions, practices, or matters as she may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA, or which may aid in the enforcement of the provisions of the FLSA.

29. As a result of this obstruction, WHD's investigators are unable to determine whether hot goods have been shipped or are presently in commerce. The Acting Secretary needs this information to notify any downstream purchasers of the hot goods that were made by oppressive child labor. Without this information, any such hot goods will continue in the stream of commerce to compete with law-abiding competitors, therefore awarding Defendants an advantage over competitors whose goods were produced in compliance with FLSA and who do not benefit from substandard, oppressive, and abusive labor conditions.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Oppressive Child Labor

30. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

31. Defendants Chen Lu, Ryan Lu, Bruce Lok, Moon Poultry, and JRC willfully violate Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

32. At all relevant times, these Defendants have employed minor children under 18 years of age and suffered or permitted them to debone poultry. Defendants employed these minor children in a prohibited occupation for minors, in violation of 29 C.F.R. § 570.61. Defendants' employment of these children violates Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations and constitutes oppressive child labor within the meaning of Section 12c, 29 U.S.C. § 212(c).

### Second Claim for Relief

### Hot Goods

33. Given the oppressive child labor employed at 15861 Salvatierra St., Irwindale, CA 91706-6604, Section 12(a) of the FLSA, 29 U.S.C. § 212(a), prohibits Defendants from shipping or delivering for shipment in commerce any goods produced in that establishment in or about which within thirty days prior to the removal of such goods therefrom the oppressive child labor was employed.

/////

/////

/////

/////

**Third Claim for Relief**

**Interference**

34. Defendants have interfered with the Acting Secretary's ability to determine whether Defendants have shipped hot goods and to where Defendants have shipped these, in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a).

35. Defendants' interference with the Acting Secretary's investigation into whether Defendants have shipped hot goods and to where is willful and continuing, and further, is inhibiting the Acting Secretary's ability to inform downstream customers of their purchase of this contraband and to stop its movement into interstate commerce.

**PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an Order:

1. Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 11(a), 12, and 15(a)(4) of the FLSA, 29 U.S.C. §§ 211(a), 212, and 215(a)(4);
2. Requiring Defendants to divulge to the Acting Secretary whether they have shipped hot goods from any business location of any Corporate Defendant, when they shipped these goods, and to where, including the names and addresses of any downstream customers;
3. Requiring Defendants to disgorge all ill-gotten profits earned from any sale of goods produced in an establishment where the employed oppressive child labor and movement of this contraband

into interstate commerce;

4. Requiring Defendants to pay all civil monetary penalties arising from their violations of the FLSA's prohibitions against oppressive child labor;

A. For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA;

B. For an Order awarding the Acting Secretary the costs of this action; and

C. For an Order awarding the Acting Secretary any other relief that the Court deems necessary and appropriate.

Dated: March 30, 2024

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW J. SCHULTZ
Counsels for Wage and Hour

SONYA SHAO
Senior Trial Attorney

*/s/ Nisha Parekh*

NISHA PAREKH
KARINA WEGMAN-SCHAAFF
Trial Attorneys