MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
KARINA WEGMAN-SCHAAFF (DCBN 1618649)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: 213-894-3990
Parekh.nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JULIE A. SU,
Acting Secretary of Labor, United States Department of Labor

Plaintiff,

v.

L & Y FOOD, INC., a California corporation; MOON POULTRY, INC., a California corporation; JRC CULINARY GROUP, INC., a California corporation; FU QIAN CHEN LU, an individual; BRUCE SHU HUA LOK, an individual; and RYAN ZHONG LU, an individual,

Defendants.

Case No. 2:24-cv-02606

**PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

The United States Acting Secretary of Labor moves *ex parte* under Federal Rule of Civil Procedure 65(b)(1) and Fair Labor Standards Act ("FLSA") Section 17, 29 U.S.C. § 217, for a Temporary Restraining Order and an Order for Defendants JRC Culinary Group, Inc. ("Defendant JRC"), Moon Poultry, Inc. ("Defendant Moon Poultry"), Fu Qian Chen Lu ("Defendant Chen Lu" or "Chen Lu"), Ryan Zhong Lu ("Defendant Ryan Lu"), and Bruce Shu Hua Lok ("Defendant Lok") to Show Cause why a Preliminary Injunction should not issue enjoining them as follows:

1. Defendants shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the FLSA, including by Defendants suffering or permitting to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning occupations.

2. To facilitate compliance with ¶ 1 above, Defendants must produce to the Acting Secretary within three (3) days of the date of this Order a list of all individuals they have employed since May 1, 2023, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked. This provision applies to all Defendants, including individual Defendants.

3. Defendants shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any goods produced at an establishment in or about which thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor described in ¶ 1 above. This paragraph applies to the establishment located at 15861 Salvatierra St., Irwindale, CA 91706-6604, and any other establishments where the Acting Secretary may identify oppressive child labor.

4. To ensure compliance with ¶ 3, Defendants must do the following for any establishment subject to ¶ 3 ("Subject Establishment"):

a. Defendants must allow the Wage and Hour Division regular access to any Subject Establishment to inspect goods.

b. Within one day of this Order or 24 hours of notice by the Acting Secretary that she has discovered oppressive child labor at a Subject Establishment, whichever is later, provide an accounting to the Acting Secretary of all goods at the Subject Establishment. Such an accounting must include:

i. The total number and type of boxes, bins, and pounds of all poultry and poultry byproducts, whether or not these products have been cut, deboned, moved, or otherwise handled in any manner, at the Subject Establishment, with the accounting to commence at the start of business operations on the date oppressive child labor was last employed at a Subject Establishment;

ii. The total number and type boxes, bins, and pounds of all poultry and poultry byproducts moved from the Subject Establishment to any facility owned, operated, managed, supervised, or controlled by any Defendant, whether or not these products have been cut, deboned, moved, or otherwise handled in any manner, with the accounting to commence at the start of business operations on the date the accounting is requested;

iii. The names and contact information for all vendors from whom any poultry on site was received and the quantities of product received;

iv. The names and contact information for all third-party customers to whom poultry was to be sold to or shipped or distributed for shipment from the Subject Establishment and in what quantities;

v. Descriptions of all other goods intended for shipment or delivery for shipment, and the quantities of those goods as of the

morning of the accounting request, and the names and contact information for any customer involved in the purchase of those goods and the quantities of goods each customer had purchased.

c. For any goods subject to ¶ 3 that have not been removed from a Subject Establishment, refrain from shipping such goods until 30 days have passed since the Acting Secretary discovered the employment of oppressive child labor at a Subject Establishment.

d. For any goods subject to ¶ 3 that have been removed from a Subject Establishment that remain within Defendants' control, refrain from shipping any such hot goods absent agreement by the Acting Secretary.

e. For any goods subject to ¶ 3 that have been removed from a Subject Establishment that are no longer within Defendants' control:

i. Disgorge all profits related to any such hot goods shipped or delivered for shipment into commerce. Such disgorgement must occur within 14 days of the Acting Secretary providing a calculation of such profits. If Defendants contest the Acting Secretary's calculation, they must file a motion with the Court to establish the amount Defendants must disgorge. Any such motion must be filed within 14 days of receiving a disgorgement calculation from the Acting Secretary. During the pendency of such motion, Defendants shall post a bond in favor of the Acting Secretary in the amount of the disputed calculation or deposit said amount in the Court's registry.

ii. Within 24 hours of any request by the Acting Secretary, Defendants must identify to the Acting Secretary who they provided such goods to so that the Acting Secretary may take all necessary action to prevent further shipments into commerce in violation of 29 U.S.C. § 212(a). To comply with this subparagraph, Defendants must produce within 24 hours of the Acting Secretary's request any

documentation evidencing the transfer of such goods out of Defendants' control, including all shipping and delivery records, including contracts, purchase orders, invoices, receipts, bills of lading, and any other documents in its possession, control or custody concerning the shipment, delivery for shipment, transportation, offer for transportation, or sale of poultry goods.

iii. Within one day of the date of this Order or 24 hours of notice by the Acting Secretary that she has discovered the employment of oppressive child labor at a Subject Establishment, whichever is later, provide notice of this Temporary Restraining Order to any person or entity Defendants have knowledge of receiving such goods.

5. To permit the Acting Secretary to perform the calculation specified in ¶ 4(e)(i), within seven days of the date of this Order or seven days of notice by the Acting Secretary that she has discovered the employment of oppressive child labor at a Subject Establishment, whichever is later, Defendants must submit to the Acting Secretary the record of all revenues and all expenses associated with revenues earned from the transport, offer for transport, shipping, delivery for shipment, or sale in commerce of goods subject to ¶ 3.

6. Defendants shall comply with the FLSA as specified above and in all other respects.

This Application is based on the accompanying: Memorandum of Points and Authorities; Declarations of Michael Eastwood, Kimchi Bui, Marie Koshkarian, Manual Ontiveros, and Sonya Shao.

The Acting Secretary is likely to succeed on the merits of her claims that Defendants violated FLSA Sections 11(a), 12, and 15(a)(4) by: employing oppressive child labor in poultry processing facilities and interfering with the Acting Secretary's ability to investigate and otherwise enforce the FLSA. Unless Defendants are enjoined and restrained as described above, the health and safety of

minor employees, the Acting Secretary, Defendants' law-abiding competitors, and the public interest all will be irreparably harmed.

As set forth in the Acting Secretary's papers, the interests of justice requires that this application be hard without notice. *See* Civ. L.R. 7-19.2; Fed. Civ. P. 65(b)(1). Nevertheless, pursuant to Local Civil Rule 7-19.1, the Acting Secretary discloses that, beginning on March 25, 2024, an attorney with the Department's Office of the Solicitor advised Defendants' attorneys Pio Kim ("Attorney Kim") and Gregory Patterson ("Attorney Patterson") that the Department intended to seek a temporary restraining order unless Defendants refrained from shipping hot goods and identified where all hot goods were stored. *See* Decl. of Sonya Shao ¶¶ 10, 13-18. As of March 28, 2024 at 11:00 p.m. PT, Defendants have not provided this information. *Id.* ¶ 19. Thus, the Acting Secretary has proceeded to seek the requested *ex parte* relief.

Opposing counsels' contact information is as follows:

| Parties | Counsel |
|---|---|
| Defendants L & Y Food, Inc.; JRC Culinary Group, Inc; Fu Qian Chen Lu; Ryan Zhong Lu | Gregory Patterson<br>Law Offices of Gregory W. Patterson<br>1230 Rosecrans Ave, Suite 300<br>Manhattan Beach, CA 90266<br>(310) 376-0010<br>greg@gwppc.com |
| Defendants Moon Poultry, Inc.; Bruce Shu Hua Lok | Pio S. Kim<br>LimNexus LLP<br>707 Wilshire Boulevard 46th Floor<br>Los Angeles CA 90017<br>(213) 784-4341<br>Pio.Kim@limnexus.com |

/////

/////

Dated March 30, 2024.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW J. SCHULTZ
Counsel for Wage and Hour

SONYA SHAO
Senior Trial Attorney

KARINA WEGMAN
Trial Attorney

*/s/ Nisha Parekh*
NISHA PAREKH
Trial Attorney