O

# United States District Court
# Central District of California

| | |
|---|---|
| JULIE A. SU, | Case No. 2:24-cv-02606-ODW (BFMx) |
| Plaintiff, | **ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE [4]** |
| v. | |
| L & Y FOOD, INC et al., | |
| Defendants. | |

Plaintiff Julie A. Su, in her official capacity as Acting Secretary of the United States Department of Labor, initiated this action asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (*See* Compl., ECF No. 1.) Plaintiff also seeks an emergency injunction preventing Defendants L & Y Food, Inc., Moon Poultry, Inc., JRC Culinary Group, Inc., Fu Qian Chen Lu, Bruce Shu Hua Lok, and Ryan Zhong Lu from engaging in further FLSA violations and from shipping or delivering for shipment into commerce goods produced in an establishment in or about which there has been oppressive child labor within 30 days prior to the removal of such goods. (*See* Ex. Parte Appl., ECF No. 4.)

Plaintiff has presented evidence showing the following: Defendants violated the FLSA's prohibitions on oppressive child labor at a poultry processing establishment in Irwindale, California. Defendants employed oppressive child labor at the facility,

which permanently renders produced goods as contraband that is forbidden from entering commerce ("hot goods"). Once Plaintiff objected to shipment of those hot goods, Defendants nonetheless removed the contraband from the poultry processing establishment within 30 days of Defendants' employment of child labor. Defendants have refused to disclose to Plaintiff where those hot goods are and have refused to refrain from shipping such goods into commerce. Rather, Defendants have interfered with and attempted to evade compliance with the FLSA by (1) refusing to disclose whether hot goods were shipped or distributed for shipment into commerce or to where the hot goods were shipped and (2) offering contradictory and incomplete explanations of where the hot goods are located. Thus, Defendants' conduct necessitates the Temporary Restraining Order as the Court orders below.

The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). In the Ninth Circuit, a plaintiff must demonstrate "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, [provided] that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

In light of the immediacy of irreparable harm pending the Court's review of this action, the Court finds a temporary restraining order warranted. If Defendants' conduct is not immediately rectified, Defendants' employees, Defendants' law-abiding competitors, and Plaintiff, who is authorized by Congress to enforce the FLSA in the public interest, will be irreparably harmed as follows: Defendants will continue to employ oppressive child labor to the risk of minors' life and limb; hot

goods may enter the stream of commerce; and Defendants will continue to thwart Plaintiff's investigation.

Accordingly, and in light of the immediacy of irreparable harm identified above, the Court **GRANTS** Plaintiff's ex parte application for a temporary restraining order. (ECF No. 4.) The Court **ENJOINS** Defendants as follows:

1. Defendants shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(1), in violation of Sections 12(c) and 15(a)(4) of the FLSA, including by Defendants suffering or permitting to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning operations.

2. To facilitate compliance with Paragraph 1 above, Defendants must produce to Plaintiff within three (3) days of this Order a list of all individuals they have employed since May 1, 2023, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked. This provision applies to all Defendants, including the individual Defendants.

3. Defendants shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any goods produced at an establishment in or about which thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor described in Paragraph 1 above. This paragraph applies to the establishment located at 15861 Salvatierra St., Irwindale, CA 91706-6604, and any other establishments where Plaintiff may identify oppressive child labor.

4. The ensure compliance with Paragraph 3 above, Defendants must do the following for any establishment subject to Paragraph 3 ("Subject Establishment"):

   a. Defendants must allow the Wage and Hour Division of the United States Department of Labor regular access to any Subject Establishment to inspect goods.

    b.    Within one day of this Order or 24 hours of notice by Plaintiff that she has discovered oppressive child labor at a Subject Establishment, whichever is later, provide an accounting to Plaintiff of all goods at the Subject Establishment. Such an accounting must include:

        i.    The total number and type of boxes, bins, and pounds of all poultry and poultry byproducts, whether or not these products have been cut, deboned, moved, or otherwise handled in any manner, at the Subject Establishment, with the accounting to commence at the start of business operations on the date oppressive child labor was last employed at a Subject Establishment;

        ii.    The total number and type of boxes, bins, and pounds of all poultry and poultry byproducts moved from the Subject Establishment to any facility owned, operated, managed, supervised, or controlled by any Defendant, whether or not those products have been cut, deboned, moved, or otherwise handled in any manner, with the accounting to commence at the start of business operations on the date the accounting is requested;

        iii.    The names and contact information for all vendors from whom any poultry on site was received and the quantities of product received;

        iv.    The names and contact information for all third-party customers to whom poultry was to be sold to or shipped or distributed for shipment from the Subject Establishment and in what quantities; and

    v. Descriptions of all other goods intended for shipment or delivery for shipment, and the quantities of those goods as of the morning of the accounting request, and the names and contact information for any customer involved in the purchase of those goods and the quantities of goods each customer has purchased.

c. For any goods subject to Paragraph 3 that have not been removed from a Subject Establishment, refrain from shipping such goods until 30 days have passed since Plaintiff discovered the employment of oppressive child labor at a Subject Establishment.

d. For any goods subject to Paragraph 3 that have been removed from a Subject Establishment that remain within Defendants' control, refrain from shipping any such hot goods absent agreement by Plaintiff.

e. For any goods subject to Paragraph 3 that have been removed from a Subject Establishment that are no longer with Defendants' control:

  i. Disgorge all profits related to any such hot goods shipped or delivered for shipment into commerce. Such disgorgement must occur within 14 days of Plaintiff providing a calculation of such profits. If Defendants contest Plaintiff's calculation, they must file a motion with the Court to establish the amount Defendants must disgorge. Any such motion must be filed within 14 days of receiving a disgorgement calculation from Plaintiff. During the pendency of such motion, Defendants shall post a bond in favor of Plaintiff in the amount of the disputed calculation or deposit said amount in the Court's registry.

  ii. Within 24 hours of any request by Plaintiff, Defendants must identify to Plaintiff who they provided such goods so that

|   |   |
|---|---|
| 1 | Plaintiff may take all necessary steps to prevent further shipments into commerce in violation of 29 U.S.C. § 212(a). To comply with this subparagraph, Defendants must produce within 24 hours of Plaintiff's request any documentation evidencing the transfer of such goods out of Defendants' control, including all shipping and delivery records, including contracts, purchase orders, invoices, receipts, bills of lading, and any other documents in its possession, control, or custody concerning the shipment, delivery for shipment, transportation, offer for transportation, or sale of poultry goods. |

iii. Within one day of the date of this Order or 24 hours of notice by Plaintiffs that she has discovered the employment of oppressive child labor at a Subject Establishment, whichever is later, provide notice of this Temporary Restraining Order to any person or entity Defendants have knowledge of receiving such goods.

5. To permit Plaintiff to perform the calculation specific in Subparagraph 4(e)(i), within seven days of the date of this Order, Defendants must submit to Plaintiff the record of all revenues and expenses associated with profits earned from the transport, offer for transport, shipping, delivery for shipment, or sale in commerce of goods subject to Paragraph 3.

The Court **ORDERS** that no security bond is required under Rule 65(c).

**IT IS FURTHER ORDERED** that Defendants **SHOW CAUSE** on **April 15, 2024, at 10:00 a.m.**, in the courtroom of the Honorable Otis D. Wright, II, located in Courtroom 5D at 350 W. 1st Street, Los Angeles, California 90012, why the Court should not issue a preliminary injunction enjoining Defendants from further violations of the FLSA as specified in this Order, pending final disposition of this action.

**IT IS FURTHER ORDERED** that, should Defendants wish to submit an opposition brief in advance of the hearing on the Order to Show Cause, they must do so on or before **April 5, 2024**. Plaintiff shall not file any responsive pleadings but may address any arguments raised in Defendants' supplemental opposition at the hearing.

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants with this Order and all documents in this case no later than **April 2, 2024**. This Order may be served on Defendants by Wage and Hour Division employees.

**IT IS SO ORDERED.**

April 1, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**