MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
KARINA WEGMAN-SCHAAFF (DCBN 1618649)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: 213 330 0372
Shao.sonya.p@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JULIE A. SU,
Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

L & Y FOOD, INC.; JRC CULINARY GROUP, INC.; A1 MEAT SOLUTIONS, INC.; MOON POULTRY, INC.; LOTUS PLUS, INC.; LOTUS POULTRY, INC.; FARMERS PROCESS, INC.; DURFEE POULTRY, INC.; FU QIAN CHEN LU; CAMERON ZHONG LU; RYAN ZHONG LU; BRUCE SHU HUA LOK;

Defendants.

Case No. 2:24-cv-02606-SPG-PD

**FIRST AMENDED COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT**

Judge: Hon. Sherilyn Peace Garnett

## INTRODUCTION

On March 30, 2024, following the shipment of hot goods in violation of the child labor provisions of the Fair Labor Standards Act ("FLSA"), the Acting Secretary filed the Complaint initiating this action concurrently with an application for a temporary restraining order. *See* Dkt. Nos. 1, 4. The application for temporary restraining order only addressed part of a larger, overall investigation into Defendants' compliance with the FLSA. Concurrently with a proposed Consent Judgment resolving all issues, the Acting Secretary now files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A), which allows pleadings to be amended within twenty-one days of their filing without prior Court approval.

Specifically, on March 30, 2024, the Acting Secretary filed the Complaint (Dkt. 1) and accompanying Application for Temporary Restraining Order ("TRO") (Dkt. 4) against Defendants Fu Qian Chen Lu; Bruce Shu Hua Lok; Ryan Zhong Lu; L & Y Food, Inc.; Moon Poultry, Inc.; and JRC Culinary Group, Inc. The Court entered the TRO against these Defendants on April 1, 2024.

In addition to the Defendants named in the Complaint (Dkt. 1), this Amended Complaint names individual Defendant Cameron Zhong Lu, and corporate Defendants A1 Meat Solutions, Inc.; Lotus Plus, Inc.; Lotus Poultry, Inc.; Farmers Process, Inc.; and Durfee Poultry, Inc. (These defendants along with the defendants named on March 30, 2024 are collectively referred to as "Defendants") The Acting Secretary's Amended Complaint also adds several claims, namely that Defendants violated the FLSA by retaliating against employees and by failing to pay employees an overtime premium when they worked more than forty hours in a workweek.

## NATURE OF THE ACTION

1. The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*., to enjoin

Defendants from violating the provisions of Sections 11(a), 12, and 15(a)(4) of the FLSA, 29 U.S.C. §§ 211(a), 212, 215(a)(4).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action under Sections 211, 212, and 215 of the FLSA, 29 U.S.C. §§ 211, 212, 215. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C§ 1345 (United States as plaintiff).

3. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

## DEFENDANTS ARE EMPLOYERS, PRODUCERS, DEALERS OR SHIPPERS OF GOODS UNDER THE FLSA

### Defendant Fu Qian Chen Lu

4. Defendant Fu Qian Chen Lu ("Defendant Chen Lu"), an individual, resides in Los Angeles County, California, within the jurisdiction of this Court.

5. At all relevant times, Defendant Chen Lu has been the principal individual responsible for controlling, managing, and/or financing corporate Defendants, which include Defendants L & Y Food, Inc.; A1 Meat Solutions, Inc.; JRC Culinary Group, Inc.; Lotus Plus, Inc.; Lotus Poultry, Inc.; Farmers Process, Inc.; and Durfee Poultry, Inc ("Corporate Defendants"). At all relevant times, Defendant Chen Lu acted directly and indirectly in the interests of all Corporate Defendants in relation to their employees, including determining employment practices and setting employee pay.

6. Defendant Chen Lu is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this complaint, and all other employees not yet known to the Acting Secretary whom she later identifies. Defendant Chen Lu is a producer, dealer, and shipper of

goods, including those produced at 608 Monterey Pass, Monterey Park, CA 91754; 598 Monterey Pass, Monterey Park, CA 91754; 3219 Durfee Ave., El Monte, CA 91732; and 15861 Salvatierra St., Irwindale, CA 91706.

**Defendant Bruce Shu Hua Lok**

7. Defendant Bruce Shu Hua Lok ("Defendant Bruce Lok"), an individual, resides in Los Angeles County, California, within the jurisdiction of this Court.

8. At all relevant times, Defendant Lok has been the owner and registered agent for Corporate Defendants Moon Poultry, Inc.; Lotus Plus, Inc.; Lotus Poultry, Inc.; Farmers Process, Inc.; and Durfee Poultry, Inc. At all relevant times, Defendant Lok acted directly and indirectly in the interests of these Corporate Defendants in relation to their employees.

9. Defendant Lok is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this complaint, and all other employees not yet known to the Acting Secretary whom she later identifies. Defendant Lok is a producer of goods, including those produced at 608 Monterey Pass, Monterey Park, CA 91754; 598 Monterey Pass, Monterey Park, CA 91754; 3219 Durfee Ave., El Monte, CA 91732; and 15861 Salvatierra St., Irwindale, CA 91706.

**Defendant Ryan Zhong Lu**

10. Defendant Ryan Zhong Lu ("Defendant Ryan Lu"), an individual, resides in Los Angeles County, California, within the jurisdiction of this Court.

11. At all relevant times, Defendant Ryan Lu has been the owner and registered agent for Corporate Defendant JRC Culinary Group, Inc. At all relevant times, Defendant Ryan Lu acted directly and indirectly in the interests of Defendant JRC Culinary Group, Inc. in relation to their employees, including determining employment practices.

12. Defendant Ryan Lu is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants JRC Culinary Group, Inc.; and Moon Poultry, Inc.; including employees listed on Exhibit A to this Amended Complaint and all other employees not yet known to the Acting Secretary whom she later identifies.

13. Defendant Ryan Lu is a producer, dealer, and shipper of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Defendant Cameron Zhong Lu**

14. Defendant Cameron Zhong Lu ("Defendant Cameron Lu"), an individual, resides in Los Angeles County, California, within the jurisdiction of this Court.

15. At all relevant times, he has been the owner and registered agent for Corporate Defendant A1 Meat Solutions, Inc. At all times relevant, Defendant Cameron Lu acted directly and indirectly in the interests of Defendant A1 Meat Solutions, Inc in relation to their employees, including determining employment practices.

16. Defendant Cameron Lu is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants A1 Meat Solutions, Inc. and Lotus Plus, Inc., including employees listed on Exhibit A to this Amended Complaint and all other employees not yet known to the Acting Secretary whom she later identifies.

17. Defendant Cameron Lu is a producer, dealer, and shipper of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendant L & Y Food, Inc.**

18. Defendant L & Y Food, Inc. ("Defendant L & Y") is a California corporation with a registered business address at 4501 Arden Drive, El Monte, CA 91731. Defendant L & Y operates at two business locations, 598 Monterey Pass

Road, Monterey Park, CA 91754, and 608 Monterey Pass Road, Monterey Park, CA 91754, where Defendant L & Y operates two poultry processing plants.

19. At all relevant times, Defendant L & Y has been an business engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) L & Y had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) L & Y had an annual gross volume sales made or business done of not less than $500,000.

20. At all relevant times, Defendant L & Y is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

21. Defendant L & Y is a producer and dealer of goods, including those produced at 608 Monterey Pass, Monterey Park, CA 91754, and 598 Monterey Pass, Monterey Park, CA 91754; 3219 Durfee Ave., El Monte, CA 91732; and 15861 Salvatierra St., Irwindale, CA 91706.

**Defendant Moon Poultry, Inc.**

22. Defendant Moon Poultry, Inc. ("Defendant Moon Poultry") is a California corporation with a registered business address and place of business at 15861 Salvatierra St., Irwindale, CA 91706.

23. At all relevant times, Defendant Moon Poultry employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Moon Poultry had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce

by any person; and (ii) on information and belief, Moon Poultry had an annual gross volume sales made or business done of not less than $500,000.

24. At all relevant times, Defendant Moon Poultry is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

25. Defendant Moon Poultry is a producer and dealer of goods, including those produced at its facility at 15861 Salvatierra St., Irwindale, CA 91706-6604.

**Defendant JRC Culinary Group, Inc.**

26. Defendant JRC Culinary Group, Inc. ("Defendant JRC"), is a California corporation with a registered business address at 566 Monterey Pass Rd., Monterey Park, CA 91754, and place of business at 15861 Salvatierra St., Irwindale, CA 91706.

27. At all relevant times, Defendant JRC employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) JRC had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, JRC had an annual gross volume sales made or business done of not less than $500,000.

28. At all relevant times, Defendant JRC Culinary Group, Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

29. Defendant JRC is a dealer of goods, including those produced at 15861 Salvatierra St., Irwindale, CA 91706.

**Defendant A1 Meat Solutions, Inc.**

30. Defendant A1 Meat Solutions, Inc. ("Defendant A1 Meat"), is a California corporation with a registered business address at 3219 Durfee Ave., El Monte, CA 91732.

31. At all relevant times, Defendant A1 Meat employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) A1 Meat had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, A1 Meat had an annual gross volume sales made or business done of not less than $500,000.

32. At all relevant times, Defendant A1 Meat is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

33. Defendant A1 Meat is a producer and dealer of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendant Lotus Plus, Inc.**

34. Defendant Lotus Plus, Inc. ("Defendant Lotus Plus"), is a California corporation with a registered business address at 3219 Durfee Ave., El Monte, CA 91732.

35. At all relevant times, Defendant Lotus Plus employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Lotus Plus had employees engaged in commerce or in the production of

goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Lotus Plus had an annual gross volume sales made or business done of not less than $500,000.

36. At all relevant times, Defendant Lotus Plus is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

37. Defendant Lotus Plus is a producer of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendant Lotus Poultry, Inc.**

38. Defendant Lotus Poultry, Inc. ("Defendant Lotus Poultry"), is a California corporation with a registered business address at 598 Monterey Pass Road, Monterey Park, CA 91754.

39. At all relevant times, Defendant Lotus Poultry employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Lotus Poultry had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Lotus Poultry had an annual gross volume sales made or business done of not less than $500,000.

40. At all relevant times, Defendant Lotus Poultry is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

41. Defendant Lotus Poultry is a producer of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendant Farmers Process, Inc.**

42. Defendant Farmers Process, Inc. ("Defendant Farmers Process"), is a California corporation with a registered business address at 608 Monterey Pass Road, Monterey Park, CA 91754.

43. At all relevant times, Defendant Farmers Process employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Farmers Process had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Farmers Process had an annual gross volume sales made or business done of not less than $500,000. At all relevant times, Defendant Farmers Process is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

44. Defendant Farmers Process is a producer of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendant Durfee Poultry, Inc.**

45. Defendant Durfee Poultry, Inc. ("Defendant Durfee Poultry"), is a California corporation with a registered business address at 3219 Durfee Ave., El Monte, CA 91732.

46. At all relevant times, Defendant Durfee Poultry employed employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Durfee Poultry had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) on information and belief, Durfee Poultry had an annual gross volume sales made or business done of not less than $500,000.

47. At all relevant times, Defendant Durfee Poultry is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

48. Defendant Durfee Poultry is a producer of goods, including those produced at 3219 Durfee Ave., El Monte, CA 91732.

**Defendants are a Single Enterprise Covered by the FLSA**

49. At all relevant times, Defendant Chen Lu owned, operated, or otherwise controlled all Corporate Defendants, causing them to act directly or indirectly in his interests and in the interests of Defendant L & Y, for the common business purpose of deboning, cutting, packaging, and storing poultry and other food products in Los Angeles County for distribution in Los Angeles County and beyond.

50. As a result, Corporate Defendants are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

51. At all relevant times, two or more employees of corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

52. At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

53. As a result, Defendants' employees are and at all relevant times have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**Defendants Have Engaged in Oppressive Child Labor**

54. Defendants employ or have employed within the past three years one or more minors under the age of eighteen at their poultry processing facilities in hazardous occupations, in violation of Section 12 of the FLSA, 29 U.S.C. § 212. Specifically, Defendants employ or have employed minors under the age of eighteen and directed these employees to use sharp knives that they are required to keep as sharp as possible to debone and cut raw poultry.

55. Additionally, Defendants have employed minors under the ages of 16 and direct such minors to work in excess of 18 hours a week when school is in session, work in excess of three hours in any one day when school is in session, among other violations.

**Defendants Failed to Pay Required Wages and Maintain Accurate Records of Hours Worked and Wages Paid**

56. Defendants' employees that debone and cut poultry are paid for the number of boxes of poultry they cut.

57. Defendants' employees that pack, load, unload, and move pallets and boxes of poultry are paid at a rate that approximates the prevailing minimum wage.

58. From January 20, 2021 through approximately January 14, 2024 Defendants' employees routinely work more than 40 hours in a workweek. In every workweek for which employees worked overtime, Defendants failed to pay the required overtime premium for hours worked.

59. Defendants do not maintain consistent or accurate records of the hours that their employees work or of the rates they are paid. Defendants at times pay employees in cash and at other times pay employees by check, but do not maintain consistent or accurate records of payments made to employees.

**Defendants interfered with the Acting Secretary's investigation and retaliated against employees for asserting rights under the FLSA.**

60. Defendants have interfered with the Secretary's ability to investigate and gather data regarding conditions and practices of employment in the poultry industry, and to investigate such facts, conditions, practices, or matters as she may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA, or which may aid in the enforcement of the provisions of the FLSA.

61. Defendants L & Y, A1 Meat Solutions, Chen Lu, and Cameron Lu refused to respond to any subpoenas or produce any payroll records after January 26, 2024. Additionally, immediately following WHD's execution of a civil search warrant at two of Defendants' business locations in Monterey Park, CA, and one search warrant in El Monte, CA on January 26, 2024, Defendants retaliated against employees, including by changing the terms and conditions of employment and through creating an intimidating work environment for their employees, specifically citing to WHD's investigation as the reason for Defendants' adverse treatment.

62. Defendants Chen Lu, Cameron Lu, and Bruce Lok have refused to present themselves to WHD for interviews or administrative depositions.

63. Defendants have refused to produce records they were ordered to produce subject to the Court's TRO (Dkt. 13) and have claimed they do not maintain records of the sale and movement of their products.

64. As a result, Defendants have hindered WHD's investigation into FLSA compliance at Defendant L & Y and A1 and to determine whether hot goods

have been shipped or are presently in commerce, including child labor hot goods. The Acting Secretary needs this information to notify any downstream purchasers of the hot goods that were made by oppressive child labor. Without this information, any such hot goods will continue in the stream of commerce to compete with law-abiding competitors, therefore awarding Defendants an advantage over competitors whose goods were produced in compliance with FLSA and who do not benefit from substandard, oppressive, and abusive labor conditions.

**Defendants Have Shipped Hot Goods**

65. Defendants have employed minor employees to debone and process poultry. Defendants have failed to pay these minor employees and other employees that have deboned, processed, packaged, or handled poultry what they are owed under the overtime provisions of the FLSA. Defendants' employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

66. Defendants have shipped, delivered, transported, or sold poultry processed by minors working in violation of the FLSA's child labor provisions into commerce. Defendants have shipped, delivered, or sold poultry processed by employees who have not been paid according to the FLSA's minimum wage and overtime provisions into commerce. Defendants knew that these goods would be shipped and sold to their customers but failed to take any action to ensure that these goods were made in compliance with the FLSA.

67. Defendants' violations of the FLSA and obstruction of the DOL's investigation, and any shipment or delivery for shipment of any goods produced by oppressive child labor or by workers who Defendants did not pay the required overtime premium would result in Defendants' accrual of substantial ill-gotten gains. The shipment, sale, transport, or otherwise placement of these "hot goods" in commerce would violate the provisions of Section 15(a)(1) of the Act.

## CLAIMS FOR RELIEF

### First Claim for Relief

### Overtime Violations

68. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as fully set forth herein.

69. Defendants willfully violated and continue to violate the provisions of Sections 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by failing to pay employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek that should have been compensated at time-and-a-half the regular rate. Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

### Second Claim For Relief

### Recordkeeping Violations

70. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

71. Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

72. At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to

create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked, and wages paid.

**Third Claim For Relief**

**Oppressive Child Labor**

73. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

74. Defendants willfully violate Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

75. From January 20, 2021 through March 20, 2024, these Defendants have employed minor children under 18 years of age and suffered or permitted them to debone poultry. Defendants employed these minor children in a prohibited occupation for minors under 18 and 16 years of age, in violation of 29 C.F.R. § 570.61 and 29 C.F.R. 570.33(i). Defendants' employment of these children violates Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations and constitutes oppressive child labor within the meaning of Section 12c, 29 U.S.C. § 212(c).

**Fourth Claim for Relief**

**Hot Goods**

76. Defendants have violated Section 12(a) of the FLSA, 29 U.S.C. § 212(a), by transporting, offering for transportation, shipping, delivering, or selling in commerce, or shipping, delivering, or selling with knowledge that shipment or delivery or sale in commerce was intended, goods produced by child labor in violation of the FLSA.

77. Defendants have violated Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), by transporting, offering for transportation, shipping, delivering, or selling in commerce, or shipping, delivering, or selling with knowledge that

shipment or delivery or sale in commerce was intended, goods in the production of which Defendants' employees were not paid the overtime required by FLSA.

## Fifth Claim for Relief

## Interference

78. Defendants have interfered with the Acting Secretary's ability to determine whether Defendants have shipped hot goods and to where Defendants have shipped these, in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a).

79. Defendants' interference with the Acting Secretary's investigation into whether Defendants have shipped hot goods and to where is willful and continuing, and further, is inhibiting the Acting Secretary's ability to inform downstream customers of their purchase of this contraband and to stop its movement into interstate commerce.

## Fifth Claim for Relief

## Obstructing the Acting Secretary's Investigation

80. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

81. Defendants have violated and continue to violate the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Acting Secretary's investigation of Defendants' compliance with the FLSA by, among other things, providing incomplete and inaccurate records to the Acting Secretary, directing employees not to speak to the Acting Secretary, and otherwise deterring them from cooperating in the Acting Secretary's investigation through threats and intimidation, and refusing to comply with administrative subpoenas and the Court's TRO (Dkt. 13).

82. At all relevant times, Defendants have willfully violated Section 11(a), 29 U.S.C. § 211(a). Defendants have interfered with and impeded the ability of the employees and the Acting Secretary to detect, identify, and have notice of the underpayments of overtime wages due and oppressive child labor.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an Order:

1. Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 7, 11, 12, and 15 of the FLSA, 29 U.S.C. §§ 207, 211, 212, and 215;
2. Requiring Defendants to divulge to the Acting Secretary whether they have shipped hot goods from any business location of any Corporate Defendant, when they shipped these goods, and to where, including the names and addresses of any downstream customers;
3. Requiring Defendants to disgorge all ill-gotten profits earned from any sale of goods produced in an establishment where they employed oppressive child labor and movement of this contraband into interstate commerce;
4. Requiring Defendants to pay all civil monetary penalties arising from their violations of the FLSA, including the prohibitions against oppressive child labor and failure to pay overtime;
5. Requiring Defendants to pay compensatory damages for Defendants' retaliation against current employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3);

B. For an Order:

1. Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime, from at

least January 20, 2021, through January 14, 2024 to all Defendants' employees including the employees listed in attached Exhibit A and other employees not presently known to the Acting Secretary, and an additional equal amount as liquidated damages; or

2. In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least January 20, 2021, through January 14, 2024, and pre-judgment interest at an appropriate interest rate;

A. For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA;

B. For an Order awarding the Acting Secretary the costs of this action; and

C. For an Order awarding the Acting Secretary any other relief that the Court deems necessary and appropriate.

Dated: April 17, 2024

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW J. SCHULTZ

BORIS ORLOV
Counsels for Wage and Hour

*/s/ Sonya Shao*
SONYA SHAO
Senior Trial Attorney

NISHA PAREKH
KARINA WEGMAN-SCHAAFF
Trial Attorneys